Lauren M. Rule (OSB # 015174)
Elizabeth H. Potter (OSV # 105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org


Attorneys for Plaintiff


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **WATERWATCH OF OREGON**, | **Case No.: 3:20-cv-1445** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **U.S. BUREAU OF RECLAMATION**, | |
| Defendant. | |

## INTRODUCTION

1.      Plaintiff WaterWatch of Oregon brings suit under the Freedom of Information Act

("FOIA") to compel the U.S. Bureau of Reclamation ("BOR") to produce certain records

requested by Plaintiff. Plaintiff requested these documents on March 9, 2020 and BOR has failed

to issue the required determination within the statutory twenty-day deadline, and has failed to

promptly produce any of the requested documents, in violation of FOIA. Prompt production of

these documents is important to Plaintiff as the information is relevant to agency processes

COMPLAINT                                    1

currently occurring that will be concluded by the end of the year. Failure to obtain the documents in the very near future will impair Plaintiff's ability to participate meaningfully in these processes and thereby impair its mission to protect Oregon rivers and the species that depend on those rivers.

2.    Plaintiff seeks a declaratory judgment that BOR's delays in issuing a determination on Plaintiff's FOIA request and releasing any documents in response to Plaintiff's request violate FOIA, and an order requiring BOR to promptly produce non-exempt records responsive to Plaintiff's request.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* In addition, FOIA itself provides a basis for jurisdiction. 5 U.S.C. § 552(a)(4)(B).

4.    Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff WaterWatch of Oregon has its principal place of business in the District of Oregon. Venue is proper in the Portland Division because WaterWatch's headquarters is located in Portland.

5.    The federal government waived sovereign immunity in this action pursuant to 5 U.S.C. § 552(a)(4)(B).

6.    Because BOR has failed to make a timely "determination" as to Plaintiff's FOIA request, Plaintiff is deemed to have exhausted administrative remedies with respect to that request.

## PARTIES

7.     Plaintiff WaterWatch of Oregon is a non-profit conservation organization dedicated since 1985 to the protection and restoration of adequate and unimpaired flows in Oregon's rivers and streams in order to sustain native fish, wildlife, and aquatic ecosystems as well as the people and communities who depend on healthy rivers.  WaterWatch is incorporated and has its headquarters in Portland, Oregon.  WaterWatch has worked for decades in central Oregon to restore salmon, steelhead and bull trout, and stream flows within the region.  Much of this work has included restoration of stream flows and protection of habitat for fish and wildlife in the Deschutes River and its tributaries.  WaterWatch has been a member of various working groups in the Deschutes Basin for the last decade, attempting to restore flows adequate for fish and wildlife, including in the Crooked River.  In fact, WaterWatch was one of the stakeholders that negotiated the Crooked River Water Security and Jobs Act of 2014.  WaterWatch has members in Oregon, including in the Deschutes River watershed, who participate in recreational and commercial activities that depend upon healthy rivers and the habitat they support.

8.     WaterWatch often uses public record requests to gather information to inform itself, its members, its allies, and the public about agency activities and how those activities affect threatened and endangered fish species.  WaterWatch educates the general public about rivers and other waterways in Oregon, and about decisions made by governmental and private entities that affect those waters.  WaterWatch is effective at increasing public awareness of issues related to Oregon waters and fish and wildlife that depend on those waters through public education and outreach activities, participation in agency proceedings, litigation, and dissemination of materials through its website and other social media outlets.  WaterWatch uses

information obtained through FOIA requests for all of these purposes.  WaterWatch also shares

information it has gathered with its allies, furthering dissemination of this information.

9.     Defendant U.S Bureau of Reclamation ("BOR") is a federal agency within the

U.S. Department of Interior.  BOR as an "agency" within the meaning of 5 U.S.C. § 551 and is

subject to FOIA.

## LEGAL BACKGROUND

10.     The goal of FOIA is to ensure that the federal government provides "efficient,

*prompt*, and full disclosure of information" to members of the public upon request. *Maydak v.*

*U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (citation omitted).

11.     FOIA requires an agency to make a "determination" as to a request within 20

working days.  5 U.S.C. § 552(a)(6)(A).  An agency makes a "determination" as to a request by

"determin[ing] and communicat[ing] the scope of the documents it intends to produce and

withhold, and the reasons for withholding any documents." *Citizens for Responsibility and Ethics*

*in Washington v. Fed. Election Com'n ("CREW")*, 711 F.3d 180, 186–88 (D.C. Cir. 2013). A

"determination" must "inform the requester that it can appeal whatever portion of the

'determination' is adverse." *Id.* at 188; *see also* 5 U.S.C. § 552(a)(6)(A)(i)(III). An agency does

*not* make a "determination" when it "decide[s] to later decide"—that is, when it "express[es] a

future intention to produce non-exempt documents and claim exemptions." *CREW*, 711 F.3d at

185–86. A failure to make a timely determination violates FOIA. *Hajro v. U.S. Citizenship &*

*Immigration Servs.*, 811 F.3d 1086, 1106–07 (9th Cir. 2016).

12.     An agency must make records "promptly available" after receiving a FOIA

request. 5 U.S.C. § 552(a)(3)(A). To make records "promptly available," an agency should

release records "within days or a few weeks" of the "determination" deadline, "not months or

COMPLAINT                                    4

years." *CREW*, 711 F.3d at 188. A failure to make records "promptly available" violates FOIA. *Long v. I.R.S.*, 693 F.2d 907, 910 (9th Cir. 1982).

## STATEMENT OF FACTS

13.     On March 9, 2020, Plaintiff sent a FOIA request to BOR seeking records related to BOR's management of stored water in Bowman Reservoir and water releases from Bowman Dam. The records sought will shine a light on BOR's compliance with the Crooked River Collaborative Water Security Act of 2014 and how its management of Bowman Dam is affecting downstream fish species, such as Chinook salmon, steelhead, and bull trout.  This information is relevant not just for assessing BOR's operations of Bowman Dam but also for the larger Habitat Conservation Plan ("HCP") process currently underway for the entire Deschutes Basin, which is scheduled to be completed by the end of this year.  Plaintiff has spent many hours and resources participating in the Deschutes HCP process, and therefore has a significant interest in obtaining the requested documents very soon to help assess the sufficiency of the HCP, as well as BOR's compliance with the Crooked River Act.

14.     On April 14, 2020, BOR acknowledged it had received Plaintiff's FOIA request on March 16, 2020 and assigned the request tracking number BOR-2020-00134 (PN-20-28).

15.     BOR stated in its acknowledgment letter that it designated the request as "complex" and that there was one request pending ahead of Plaintiff's in that processing track. Based on their current FOIA capacity and burden, BOR expected to "dispatch a determination to you by June 9, 2020."  Given a receipt date of March 16, 2020, BOR was required to make a "determination" as to Plaintiff's request by April 13, 2020.

16.     Since that initial letter, BOR has sent multiple email communications to Plaintiff in June, July, and August extending the estimated date for a determination and release of

documents.  Most recently, BOR again emailed that its response would be further delayed and it would likely need until September 28, 2020 to get Plaintiff its response.

17.     As of the filing of this complaint, BOR has not sent the required "determination" that communicates to Plaintiff the scope of the documents it intends to produce and withhold in response to Plaintiff's request, the reasons for withholding any documents, and Plaintiff's right to seek administrative review of any decision to withhold documents.  Nor has Plaintiff received any responsive documents from BOR.

18.     BOR's latest estimated date would put a determination more than five months past the statutory twenty-day deadline, and the release of documents more than six months after BOR received the request.  Given that BOR has already extended its estimated response date multiple times over several months, it is very possible it will extend the timeline again past the end of September.

19.     This delay is not merely inconvenient—it impairs the ability of Plaintiff to fully assess and participate meaningfully in the Deschutes Basin HCP process, which is likely to conclude by the end of this year.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO MAKE A TIMELY "DETERMINATION"**

20.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 49, inclusive.

21.     BOR received Plaintiff's FOIA request on March 16, 2020. Therefore, BOR was required to make a "determination" as to the request on or before April 13, 2020.

22.     BOR did not make a determination on or before April 13, 2020. As of the date of this complaint, BOR has not yet made a determination, nor has it released any records.

COMPLAINT                                6

23.     By failing to make a timely determination as to Plaintiff's FOIA request, BOR has violated and continues to violate FOIA.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PROMPTLY RELEASE RECORDS**

24.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 49, inclusive.

25.     BOR's most recent estimate does not anticipate fully responding to Plaintiff's FOIA request until September 28, 2020, which is more than six months after Plaintiff submitted the request. Such a delay in releasing records violates FOIA's requirement that an agency make records "promptly available" upon request.

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

A.     Declare that BOR has violated FOIA by failing to issue a timely determination and promptly produce records responsive to Plaintiff's request;

B.     Order BOR to immediately release all non-exempt records responsive to Plaintiff's FOIA request;

C.     Enter such other declaratory relief, and temporary, preliminary, or permanent injunctive relief as may be prayed for hereafter by Plaintiff;

D.     Award Plaintiff its reasonable costs, litigation expenses, and attorneys' fees associated with this litigation pursuant to FOIA and/or any other provision of law allowing for the recovery of such expenses; and

E.     Grant such further relief as the Court deems just and proper in order to provide Plaintiff with relief and protect the public interest.

Dated: August 25, 2020                     Respectfully submitted,

                                           */s/ Lauren M. Rule*
                                           Lauren M. Rule (OSB # 015174)
                                           Elizabeth H. Potter (OSB # 105482)
                                           **ADVOCATES FOR THE WEST**
                                           3701 SE Milwaukie Ave., Ste. B
                                           Portland, OR 97202
                                           (503) 914-6388
                                           lrule@advocateswest.org
                                           epotter@advocateswest.org